OLIMPO OTERO FIGUEROA, Appellant, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 1176. Submitted November 27, 1945.—Decided December 5, 1945.

438

*Andrés Mena Latorre* for appellant.

Mr. Chief Justice Travieso delivered the opinion of the court.

In a petition filed in the District Court of Caguas, Olimpio Otero Figueroa alleged that he held possession under claim of full ownership of a 5-acre property which he had acquired by purchase from Antonio Agostini, who in his turn had purchased it from the People of Puerto Rico at a tax sale. The petitioner further alleged that the former owners of the property, for over 20 years, had been the spouses Elías Pérez Fernández and Francisca Collazo, who died over 5 years ago; that all the owners of the property have always resided in Puerto Rico; and that said owners have successively held possession of the property for a total period exceeding 20 years openly, peaceably, uninterruptedly, in good faith, and under a just title.

After the petition was admitted, the previous owners, namely, Antonio Agostini and "the unknown lawful heirs or successors in interest of Elías Pérez Fernández and Francisca Collazo," were summoned by publication. On September 17, 1945, the district court entered a decision declaring that the ownership claimed had been established and order-

ing that the same be recorded in the Registry of Property of Guayama. The registrar refused to make such recording and stated the grounds for his refusal, thus:.

"Record of the foregoing dominion-title order is denied because the possession of the property involved therein appears recorded in the registry in the name of Elías Pérez Fernández, and said order contains no pronouncement directing the cancellation of the conflicting record which exists in favor of the above-named person, etc."

The appellant urges that the registrar erred in refusing to effect the recording sought and in not cancelling as of course the alleged conflicting registration which stands in the name of the previous owners, since the record of the dominion title proceeding itself showed that the former owners Elías Pérez Fernández and his wife had died, and that their unknown heirs or successors in interest had been served with process by publication.

▮▮▮ It is true that this court has held that within a dominion title proceeding, the cancellation of a conflicting record may be obtained. But in order that such a cancellation may be ordered, it is necessary that the person in whose name the possessory title is recorded, or his heirs or successors in interest, be expressly summoned to appear before the court to give their consent to the cancellation sought, and be admonished that in case of their failure to appear and oppose said cancellation within the statutory period, the court will order the cancellation of the entries of possession and the recording of the dominion title in the name of the petitioner. *Canino* v. *Registrar*, 31 P.R.R. 413 and *Alarcón* v. *Registrar*, 35 P.R.R. 39. See *López* v. *Registrar*, 34 P.R.R. 29, and *Figueroa* v. *Registrar*, 34 P.R.R. 335.

The writ presented in the registry fails to mention the existence of the conflicting record, or to state that the heirs or successors in interest of the former owners had been served witn notice of the cancellation. Cf. *Cerdá* v. *Ossorio, ante,* p.

315. Nor is the registrar ordered to cancel said record; and without such order, the registrar lacks authority to effect the cancellation.

The decision appealed from will be affirmed.